U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **THOMAS LANDRY** | **DOCKET NO. 06-CV-2344** |
| **VERSUS** | **JUDGE DRELL** |
| **LYNN COOPER** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Thomas Landry, filed *in forma pauperis* on December 14, 2006. Landry is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently housed at the Avoyelles Correctional Center ("AVC"). He filed suit against Warden Lynn Cooper claiming that the defendant failed to protect him from physical harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

### STATEMENT OF THE CASE

Plaintiff claims that, on July 30, 2006, an inmate attacked him with an iron locker top while Plaintiff was asleep. As a result of the attack, Plaintiff received twelve staples in his head. He claims that the officers were "incompetent" as they should have seen the inmate take the top off of a locker box, walk to Plaintiff's bed, and hit Plaintiff in the head several times with the object.

## **LAW AND ANALYSIS**

1. FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. §1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

2

if given yet another opportunity to add more facts to the complaint." Macias at 97.

2.  FAILURE TO PROTECT

Plaintiff faults the defendants for failing to protect him from the offending inmate. The law in this area is well settled. Under the Eighth Amendment, prisoners have a right to be protected from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825 (1994). However, the Eighth Amendment mandates 'reasonable' safety, not 'absolute' safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998). A prison official can only be held liable if he deliberately ignored a clear danger to a prisoner after the official had been made aware of the danger. Farmer, 114 S.Ct. at 1979.

In this case, Plaintiff cites one incident in which he was attacked by another inmate. He does not claim that he was "set up" by the guards or that the officials were aware of a risk that an inmate would attack Plaintiff in his sleep. He does not allege that the guards deliberately ignored a clear danger. In fact, rather than claiming the guards acted deliberately, Plaintiff claims that they were simply "incompetent" in not noticing the attack. [Doc. #1-1, p.5] The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir.1985). Nothing in Plaintiff's complaint suggests that the guards were guilty of wanton conduct amounting to deliberate indifference. At best, plaintiff could possibly show negligence on the part of the guards. However, mere negligence on the part of prison officials is insufficient to establish Eighth Amendment culpability. See Davidson v. Cannon, 474 U.S. 344 (1986).

Even if Plaintiff could establish that the guards acted with deliberate indifference, the defendant warden would not be liable. Supervisory officials may be held liable only if they (a)

3

affirmatively participate in acts that cause constitutional deprivations, or (b) implement unconstitutional policies that causally result in the plaintiff's injuries. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). Plaintiff does not allege or imply that the warden was even present at the time of the attack, or that the warden implemented unconstitutional policies that resulted in Plaintiff's injury.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services**

<u>Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 26th day of April, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE